PEOPLE, ex rel. DEPARTMENT OF CONSERVATION, v.
PARIS GRAVEL COMPANY.

1. MINES AND MINERALS—STATES—DEEDS—RESERVATION OF MINERAL
RIGHTS.

Deed from State reserving mineral rights held, to include sand
and gravel, where statute classified sand and gravel as
nonmetallic minerals (CL 1948, § 322.212).

2. SAME—STATES—TAX DEEDS—RESERVATION OF MINERAL RIGHTS—
RECORDING—SUBSEQUENT PURCHASERS.

Reservation of mineral rights in deed from State of land ob-
tained for nonpayment of taxes held, binding upon subsequent
purchasers of the land, by operation of law, where deed was
duly recorded.

3. SAME—STATES—TAX DEED—RESERVATION OF MINERAL RIGHT—
SUBSEQUENT PURCHASERS—JUDGMENT NOTWITHSTANDING VERDICT.

Judgment notwithstanding verdict, following jury verdict for
State in its action to recover value of sand and gravel ex-
tracted by subsequent purchasers of land obtained by State
for nonpayment of taxes and conveyed by State under recorded
deed reserving mineral rights held, error, where statute appli-
cable to transfer of such land by State specifically defined sand
and gravel as "nonmetallic minerals," subsequent purchasers
being bound by the reservation by operation of law (CL 1948,
§ 322.212).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 36 Am Jur, Mines and Minerals §§ 5, 35.
Clay, sand, or gravel as "minerals" within deed, lease, or license.
95 ALR2d 843.
[2, 3] 36 Am Jur, Mines and Minerals §§ 24, 28.
[4] 5 Am Jur 2d, Appeal and Error § 1009.

4. COSTS—APPEAL AND ERROR—PUBLIC QUESTION—STATES—SAND—.
   GRAVEL.

> No costs are allowed on appeal in State's action to obtain value
> of sand and gravel extracted by subsequent purchasers of
> land obtained by State for nonpayment of taxes and conveyed
> by State under deed reserving mineral rights, a public question
> being involved.

Appeal from Mecosta; Van Domelen (Harold), J.
Submitted Division 3 March 7, 1967, at Grand
Rapids. (Docket No. 1,606.) Decided November.
8, 1967.

Complaint by the People of the State of Michigan,
on relation of the Director of the Department of
Conservation, against Paris Gravel Company,
William R. Davison and Janet E. Davison, his wife,
to recover the value of sand and gravel extracted
from land purchased by defendants. Verdict for
plaintiff. Judgment notwithstanding verdict for
defendants. Plaintiff appeals. Reversed and re-
manded for entry of judgment on verdict.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Nicholas V. Olds*
and *Warren R. Snyder,* Assistants Attorney Gen-
eral, for the people.

BURNS, J. On November 29, 1940, the auditor
general of the State of Michigan conveyed a parcel
of property situated in Mecosta county to the State
of Michigan for nonpayment of taxes. The Mich-
igan department of conservation which had juris-
diction over this land offered it for sale. The
advertisement for sale informed prospective pur-
chasers that "Pursuant to statute all deeds con-
veying such property will reserve the following to

the State of Michigan: All rights to minerals, coal, oil, gas, sand, gravel, marl, etc." The statutory reference was CL 1929, § 5848[1] (Stat Ann 1958 Rev § 13.441).

The former owner, Dan Worth, was notified of his right to retain the land by matching the successful high bid within 30 days after the sale. The high bid was $250, and the State land purchase certificate reserved the mineral rights including sand and gravel. Worth filed an application to retain said property, and this application acknowledged the reservation of sand and gravel by the State. However, the deed from the State of Michigan to Worth, although reserving mineral rights, did not specifically mention sand and gravel.[2] Thereafter, Worth conveyed the property to one Clifford E. James, who, in turn, conveyed the property to defendants William R. and Janet E. Davison. Both conveyances contained the language "subject to the exceptions and reservations contained in the deed from the department of conservation for the State of Michigan to Dan Worth," which deed was recorded in liber 180 of deeds, page 346, Mecosta county register of deeds office.

Shortly after the Davisons acquired the property, they removed sand and gravel from the subject property. Plaintiff brought suit to recover the

---

[1] See, however, CL 1948, § 322.212, amended by PA 1964, No 125 (Stat Ann 1965 Cum Supp § 13.441) which now specifically provides that "For the purpose of this section, 'mineral rights' shall not include 'sand, gravel, clay or other nonmetallic minerals'."

[2] Inasmuch as Worth failed to make his application for redemption within 90 days from the time title to such property vested in the State of Michigan by virtue of the tax sale, he did not qualify as one entitled to redeem the property and receive a quitclaim deed, conveying fee title without exceptions or reservations as provided by PA 1937, No 155, § 6, as amended (CL 1948, § 211.356 [Stat Ann 1960 Rev § 7.956]). Under these circumstances the conservation department had power under PA 1909, No 280, § 8, as amended (CL 1948, § 322.212 [Stat Ann 1958 Rev § 13.441]) to reserve in the deed in the instant case all mineral, coal, oil and gas rights.

value of the sand and gravel removed by the defendants, and a jury returned a verdict in favor of plaintiff in the amount of $5,500. The trial judge thereafter granted a judgment notwithstanding the verdict in favor of the defendants.

The reservation of "mineral rights" in a deed wherein the State is the grantor, has already been interpreted by our Supreme Court in *Matthews* v. *Department of Conservation* (1959), 355 Mich 589. There Justice TALBOT SMITH traced the history of such a clause and on page 595 stated:

"The scope of the mineral reservation is expressly made dependent upon a particular statute, which, as we have seen, classifies sand and gravel as nonmetallic minerals. The legislature made specific that which in general speech is obscure. When construed in light of the statute [which was the same as CL 1929, § 5848], the deed necessarily reserves sand and gravel to the State."

The interpretation is plain and direct. The State reserved mineral rights, including the nonmetallic minerals, sand and gravel. Such reservation by operation of law is binding upon subsequent purchasers.

Cause is reversed and remanded to the trial court for entry of a judgment on the jury verdict.

No costs, a public question being involved.

FITZGERALD, P. J., and HOLBROOK, J., concurred.